In the matter of Isaac Russell.

---

In the matter of ISAAC RUSSELL, plaintiff in error.

A justice of the peace is not liable to be attached by the superior court, as in contempt, for taking the affidavit of a prisoner brought before him by the jailor, even though such prisoner was confined in the jail under sentence from the court, and was removed therefrom without its authority. The action of the justice was not as an officer of the superior court.

Justice of the peace. Contempt. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1875.

Reported in the decision.

JACKSON, LAWTON & BASINGER, for plaintiff in error.

WALTER G. CHARLTON, solicitor general *pro tem.*, for the state.

In the matter of Isaac Russell.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that one George Manning was confined in the common jail of Chatham county, under a sentence of the superior court, and that said Manning was carried to the office of Russell, the plaintiff in error. The court granted a rule calling upon said Russell to show cause (assuming that he was an officer of the court,) why he should not be attached for contempt. The respondent filed his answer to the rule, (which does not appear to have been controverted,) in which he stated, that in the transaction referred to in the rule, he was acting in his official capacity as a justice of the peace, but denied that in so acting he was an officer of the superior court, so as to render him amenable to that court to be punished for contempt thereof; that he believed himself to be in the legitimate discharge of his duty as a justice of the peace; that he assumed no power or authority whatever in taking said George Manning from the common jail of Chatham county; that he understood Manning to be in the custody of the law and of the jailor of said county when he was brought to his office; that respondent simply took his affidavit, as he was required by the laws of the state, and had no idea whatever that he was in anywise interfering with the authority or orders of the judge of the superior court, and that the said Manning, as respondent understood, was taken back to the common jail of Chatham county, where he now is. Thereupon the court rendered the following judgment: "It is ordered, considered and adjudged, that Isaac Russell, justice of the peace, do pay the sum of $10 00, and then stand purged of contempt of this court, and in default of payment thereof, that he be committed to the common jail of Chatham county until such fine of $10 00 is paid." To which judgment of the court the respondent, Russell, excepted.

The constitution of the state declares that the power of the courts to punish for contempt shall be *limited* by legislative acts. The power of the courts in this state to punish for con-

tempt, is *limited* by the 4711th section of the Code, "to the misbehavior of any person or persons in the presence of the said courts, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts, in their official transactions, and the disobedience or resistance by any officer of said courts, party, juror, witness, or other person or persons, to any lawful writ, process, order, rule, decree, or command of the said courts." Was the respondent, when he took the affidavit of Manning, the prisoner, who was brought before him in his office, as a justice of the peace, acting as an officer of the superior court, within the true intent and meaning of the foregoing section of the Code, so as to subject him to the punishment of that court for contempt? By the 3961st section of the Code, justices of the peace and constables are so far recognized as officers of the superior court as to subject them to be ruled in that court in the same manner as sheriffs, when they neglect or refuse to pay over money which they have received or collected in their *official* capacity; that is the extent of their recognition as officers of the superior court, and it required a legislative enactment to do that, which cannot fairly be construed beyond the terms thereof. In our judgment the superior court had no legal power or authority, under the constitution and laws of this state, to punish the respondent for contempt of that court, on the statement of facts disclosed in the record, it not appearing that the respondent had anything to do with the removal of the prisoner, Manning, from the jail.

Let the judgment of the court below be reversed.